UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KEITH KIRK**                                                                                    **CIVIL ACTION**

**VERSUS**                                                                                       **NO. 15-4886**

**LOUISIANA STATE PENITENTIARY**                                 **SECTION "B" (2)**
**BURL N. CAIN**

<u>ORDER AND REASONS</u>

**I.   NATURE OF MOTION AND RELIEF SOUGHT**

Before the Court is Petitioner Keith Kirk's application for a writ of habeas corpus under Title 28 United States Code section 2254. Rec. Doc. 4. The matter was referred to United States Magistrate Judge Joseph C. Wilkinson, Jr. to conduct a hearing, if necessary. He issued a Report and Recommendation ("Report") to dismiss the petition with prejudice as time-barred. Rec. Doc. 18. In response to the Report, Petitioner timely filed objections and requested that the Court reject the Report. Rec. Doc. 19. For the reasons outlined below,

**IT IS ORDERED** that the Report is **ADOPTED**.

**IT IS FURTHER ORDERED** that the objections are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's claims are dismissed with prejudice.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner was found guilty as charged of second degree murder and sentenced to life in prison without benefit of parole,

probation, or suspension of sentence on February 25, 2011. Rec. Doc. 18 at 3. Petitioner appealed his conviction on October 5, 2011 to the Louisiana Fourth Circuit. Rec. Doc. 17 at 4.[1] The Louisiana Fourth Circuit affirmed his conviction on August 8, 2012. *State v. Kirk*, 2011-KA-1218, p.1 (La. App. 4 Cir. 8/8/2012); 98 So. 3d 934, 934. On September 10, 2012, Petitioner moved for supervisory review with the Louisiana Supreme Court. Rec. Doc. 17 at 4. The Louisiana Supreme Court denied the writ on February 8, 2013. Rec. Doc. 18 at 4. Petitioner did not seek a writ of certiorari with the United States Supreme Court within the 90-day limitation period ending May 9, 2013. *Id*.

On May 8, 2013, Petitioner filed an application for post-conviction relief with the state trial court asserting nineteen grounds for relief, including three claims that the indictment was defective, eight grounds of ineffective assistance of trial counsel, one ground of ineffective assistance of appellate counsel, four claims that the trial court erred in admitting certain evidence at trial, two claims that he was denied a fair and impartial trial because the State relied on perjured testimony, and one claim that the trial court erred in denying his challenges for cause. Rec. Doc. 18 at 4. The state trial court denied all the claims on August 20, 2013. Rec. Doc. 18 at 4-5. On September 16,

---

[1] The Government's Response to 28 U.S.C. § 2254 Petition for *Habeas Corpus* Relief cites directly to the state record.

2

2013, Petitioner filed a writ application with the Louisiana Fourth Circuit, seeking review of the lower court's denial. Rec. Doc. 18 at 5. The Louisiana Fourth Circuit denied the writ application on November 26, 2013. *Id*. Petitioner appealed this denial to the Louisiana Supreme Court. *Id*. His appeal was postmarked on January 3, 2014.[2] *Id*. at 5 n.15. The Louisiana Supreme Court denied the writ application without stated reasons on September 12, 2014. *State ex rel. Kirk v. State*, 2014-KH-0034 (La. 9/12/2014); 147 So. 3d 185.

Then, Petitioner moved for a new trial with the state trial court on September 9, 2015. Rec. Doc. 18 at 6. On September 28, 2015, the state trial court denied the motion, finding the arguments repetitive and the motion untimely under Louisiana Code of Criminal Procedure article 853, which requires a motion for a new trial to be filed prior to sentencing. *Id*. Petitioner did not seek further review of this ruling in state appellate courts. *Id*.

The Clerk of Court filed Petitioner's federal habeas corpus petition on November 2, 2015. Rec. Doc. 4. However, Kirk signed the memorandum attached to the form petition on September 16, 2015. *Id*. at 4 n.21. The Magistrate Judge, applying the federal prisoner

---

[2] The Report rejects the State's position that this filing was untimely, because the Magistrate Judge found that the State did not prove that Petitioner failed to submit his writ application to prison officials on time. Rec. Doc. 18 at 5 n.15. Because Petitioner's federal habeas petition is ultimately untimely, there is no need for this Court to address the timeliness of this earlier petition and the prisoner mailbox rule.

3

mailbox rule,[3] found that the habeas corpus petition was filed on September 16, 2015. *Id*. at 8. Petitioner asserts the same nineteen claims that were asserted in his post-conviction relief application. *Id*. at 6-7.

### III. MAGISTRATE JUDGE REPORT AND RECOMMENDATIONS

In his Report, the Magistrate Judge recommended that Petitioner's application for a writ of habeas corpus should be dismissed with prejudice as time-barred. Rec. Doc. 18 at 15. The Report found the one-year statute of limitations was neither interrupted nor equitably tolled after the Louisiana Supreme Court denied relief on September 12, 2014. *Id*. at 9-10, 14. Petitioner's application was time-barred because it was filed on September 16, 2015, two days after the statute of limitations expired. *Id*. at 14.

### IV. PETITIONER'S OBJECTIONS

In his Objections to the Report, Petitioner first argues that his habeas petition was filed within the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rec. Doc. 19 at 3. Specifically, Petitioner contends that the Magistrate Judge failed to add a ninety-day window to the limitations period. *Id.* Petitioner states that he

---

[3] The Report rejects the State's characterization of the prisoner mailbox rule that the postmarked date is the proper date for when a filing was made. Rec. Doc. 18 at 8 (citing *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000)).

had ninety days from the September 12, 2014 Louisiana Supreme Court order denying post-conviction relief to file a writ to the Supreme Court of the United States. See *id.* Petitioner argues that had the limitations period incorporated this ninety-day window, then his habeas petition, filed September 16, 2015, would have been timely. *Id.*

Second, Petitioner claims that the September 9, 2015 Motion for a New Trial was a properly filed application for collateral review under 28 U.S.C. § 2244(d)(2), even though the state trial court denied the Motion as untimely. Rec. Doc. 19 at 4. Petitioner contends that the state trial court's post hoc declaration that the application was untimely does not make the Motion improper. *Id.* Plaintiff argues that the Motion was based on proper discovery of new evidence and facts to satisfy the requirements of such a motion. *Id.* Petitioner concludes that his habeas corpus petition fell within the one-year limitations period because the one-year limitations period did not begin to run until his Motion for a New Trial was denied on September 28, 2015. *Id.* at 5.

Third, Petitioner asserts that he should be granted equitable tolling of the statute of limitations. Rec. Doc. 19 at 5. Petitioner states that he fulfilled the equitable tolling requirement to exercise reasonable diligence in bringing the claim. *Id.* at 4-5. Petitioner argues that because he demonstrated diligence in preparing and filing his habeas petition, equitable

5

tolling should apply and forgive the late filing. *Id*.

Last, Petitioner argues that the Magistrate Judge abused his discretion when he failed to give Petitioner fair notice and an opportunity to be heard on this matter. Rec. Doc. 19 at 3. Petitioner states that he was unable to present to the Magistrate Judge arguments and evidence to support his position that his habeas petition was timely filed. *Id*. at 4.

## V.  LAW & ANALYSIS

In relevant part, the AEDPA provides that a petitioner has one year to apply for federal habeas corpus relief from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In Petitioner's first objection, he argues that a ninety-day window should have been incorporated into his AEDPA one-year limitations period after the Louisiana Supreme Court denied his post-conviction relief. Rec. Doc. 16 at 3.

A petitioner has ninety days after a decision from the Louisiana Supreme Court to file a writ to the Supreme Court of the United States. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000); *see Johnson v. Quarterman*, 438 F.3d 278, 288 (5th Cir. 2007). After these ninety days, the conviction is considered final and the one-year statute of limitations to file a habeas petition begins to run. *Ott*, 192 F.3d at 513. The limitations period can be interrupted during "the time

. . . which a properly filed application for State post-conviction or other collateral review with respect to a pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Even though a petitioner who applies for state review may also file a petition of certiorari with the Supreme Court of the United States, that ninety-day window does not toll the AEDPA one-year statute of limitations because only "state" reviews trigger interruptions.[4] *Ott*, 192 F.3d at 512-513 ("We conclude and hold that a petition for writ of certiorari to the Supreme Court of the United States is not an application for "state" review that would toll the limitations period."). The Fifth Circuit held that § 2244(d)(2) specifically excludes federal review from tolling the limitations period. *Id*. at 513.

Here, Petitioner in his first objection argues that he has a ninety-day window after the denial of his post-conviction relief by the Louisiana Supreme Court before the AEDPA one-year statute of limitations begins to run. Rec. Doc. 16 at 3. Petitioner properly filed his application for state post-conviction relief and the Report concluded that this began a § 2244(d)(2) interruption. Rec. Doc. 18 at 14. However, this interruption cannot include the ninety-day window, because filing a petition for writ of certiorari to the Supreme Court of the United States is not an application for state review. The Petitioner's first objection has

---

[4] "State" modifies both phrases "post-conviction review" and "other collateral review." *See Ott*, 192 F.3d at n.10 (citing *Rhine v. Boone*, 182 F.3d 1153, 1156 (10th Cir. 1999)).

7

no merit.

In Petitioner's second objection, he argues that his September 9, 2015 Motion for a New Trial is proper despite the state trial court's dismissal of the motion as untimely. Rec. Doc. 16 at 4. A filing is proper when the application "conform[s] with a state's applicable procedural filing requirements." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). An untimely filing does not conform to the filing requirements and cannot toll the one-year limitation period under § 2244(d)(2). *Id*. Because the state trial court found the Motion for a New Trial untimely, the Motion was improper and could not toll the AEDPA one-year limitation period. Petitioner's second objection has no merit.

Petitioner argues in his third objection that equitable tolling should be applied because he exercised "diligence in investigating and bringing the claims, facts, and evidence" before the court. Rec. Doc. 16 at 4-5. Equitable tolling is another method by which the AEDPA one-year limitation period may be interrupted. The limitation period may be equitably tolled only when the petitioner has pursued his rights diligently and a rare or extraordinary circumstance prevented timely filing. *Pace*, 544 U.S. at 418; *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). A petitioner must meet both requirements for equitable tolling to apply. *See Coleman*, 184 F.3d at 402-03

(finding that an inability to file because of a clerk's error did not outweigh the petitioner's lack of diligence). A rare or exceptional circumstance involves situations where the prisoner was actively misled or prevented in an extraordinary way from asserting his or her rights. *Pace*, 544 U.S. at 418-19; *see Hardy v. Quarterman*, 577 F.3d 596, 599-600 (2010). A "garden variety claim of excusable neglect" is not a rare or exceptional circumstance. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *see Cantu-Tzin*, 162 F.3d at 300.

Here, Petitioner argues that he exercised "diligence in investigating and bringing the claims, facts, and evidence" before the court. Rec. Doc. 16 at 5. There is no claim or showing that there was any rare or exceptional circumstance that prevented timely filing. Rec. Doc. 16 at 4-5. Because Petitioner did not assert both requirements of the equitable tolling test, the one-year limitation period cannot be equitably tolled. *See Coleman*, 184 F.3d at 402-03. The third objection has no merit.

Petitioner's fourth objection states that the Magistrate Judge failed to give Petitioner fair notice and an opportunity to present his position. Rec. Doc. 16 at 3. Under the United States Code, a district judge may designate a magistrate judge to conduct hearings, if necessary, and submit proposed findings and recommendations for disposition of a matter. 28 U.S.C. §

9

636(b)(1)(B)-(C). A copy of the findings is served on the parties, and the parties have fourteen days to file written objections. 28 U.S.C. § 636(b)(1). After reviewing the objections, the district judge will review the matter de novo and accept, reject, or modify the findings and recommendations made by the magistrate judge. *Id*. A magistrate judge must inform a party of the right to file written objections. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996); *Deloney v. Estelle*, 679 F.2d 372, 372-73 (5th Cir. 1982).

Here, the Report clearly states that a party has a duty to file written objections to the "proposed" recommendation within fourteen days in order to preserve those objections for appeal. Rec. Doc. 18 at 15-16. Simply put, the Report's warning statement is fair notice to the Petitioner of his opportunity to file written objections and present his position. Further, Petitioner's objections have been fully considered and addressed above prior to final judgment. The fourth objection lacks merit.

## VI.  CONCLUSION

The objections do not demonstrate reversible error within the Magistrate Judge's Report. Petitioner's first objection, that the Magistrate failed to add a ninety-day window to the tolling of the AEDPA limitations period, is meritless because the ninety-day window to file a writ to the Supreme Court of the United States is not an application for State review under 28 U.S.C. § 2244(d)(2).

Petitioner's second objection, that his September 9, 2015 Motion for a New Trial is proper, has no merit because the state trial court's dismissal of the motion as untimely renders the Motion improper for the purposes of § 2244(d)(2) interruption. Petitioner's third objection, that equitable tolling should apply because he exercised diligence, has no merit because he failed to allege, let alone demonstrate, a rare or exceptional circumstance that prevented timely filing. Petitioner's fourth objection, that he was denied fair notice and an opportunity to present his case, has no merit because the Report gave fair notice to Petitioner to object and his objections have now been considered.

Because the Report does not present clear error and Petitioner failed to raise valid objections,

**IT IS ORDERED** that the Report is **ADOPTED.**

**IT IS FURTHER ORDERED** that the objections are **OVERRULED.**

**IT IS FURTHER ORDERED** that, in accordance with the Magistrate Judge's recommendation, Petitioner Kirk's claims are dismissed with prejudice.

New Orleans, Louisiana, this 1st day of November, 2016.

SENIOR UNITED STATES DISTRICT JUDGE